Village of Westfield, Plaintiff-Respondent,
v.
Christopher A. Becker, Defendant-Appellant.
No. 04-2769.
Court of Appeals of Wisconsin.
Opinion Filed: February 24, 2005.
¶1 VERGERONT, J.[1]
Christopher Becker appeals the violation for driving ten miles over the speed limit on a freeway contrary to WIS. STAT. § 346.57(4)(gm). He contends the court erred in entering the judgment of conviction pursuant to his stipulation because after he agreed to the stipulation, he informed the court and counsel for the Village of Westfield that he wanted a trial. We disagree and affirm the judgment of conviction.
¶2 Becker was issued a citation for driving fourteen miles over the speed limit on a freeway, in violation of WIS. STAT. § 346.57(4)(gm). At a pretrial conference on March 19, 2004, counsel for the Village of Westfield and Becker signed a stipulation for disposition of the charge, whereby they agreed that the charge would be amended to speeding ten miles over the speed limit and a forfeiture in the amount of $181 would be imposed on Becker. The court approved the stipulation on May 24, 2004.
¶3 On June 1, 2004, Becker wrote to the court with a copy to Village counsel informing the court that "in light of the recent discovery of new evidence," he desired to have a trial. Village counsel notified the court that it withdrew its offer to reduce the charge in light of the fact that Becker "reneged on his agreement" and asked the matter be set for trial on the original charge of driving fourteen miles over the speed limit. The matter was set for a trial on August 24, 2004.
¶4 At the beginning of the proceeding on August 24, the court questioned why there was a trial in view of the stipulation in the file. The court stated that the effect of the court's approval of the stipulation was that a judgment was entered. The court also stated that because no one had obtained permission of the court to reopen the judgment, there still was a judgment, and it asked the parties why the judgment should be reopened. Village counsel responded that the Village had no reason to reopen. Becker responded that at the pretrial he was made aware of new information that had not previously been provided him in response to his open records request to the police chief. In answer to the court's question what kind of information, Becker stated: "positioning of the radar unit in the car, taking the reading out of the rear of the car not the front of the car. This entirely changed my approach to what was clearly evident that the officer was saying was not true." The court decided that was not a sufficient basis on which to reopen the judgment.
¶5 WISCONSIN STAT. § 806.07(1) provides that a circuit court may relieve a party from a judgment, order, or stipulation for certain specified reasons.[2] The decision whether to grant relief under § 806.07(1) is committed to the circuit court's discretion. State ex rel. M.L.B. v. D.G.H., 122 Wis. 2d 536, 541-42, 363 N.W.2d 419 (1985). We affirm the circuit court's exercise of discretion if it applies the correct legal standard to the relevant facts and reaches a reasonable result. Id.
¶6 The reason Becker gave to the circuit court for setting aside the stipulation and judgment implicates WIS. STAT. § 806.07(1)(b): "newly-discovered evidence which entitles a party to a new trial under s. 805.15(3)." However, Becker did not provide the court with any information to show that the criteria of WIS. STAT. § 805.15(3) were met. That statute provides:
(3) Except as provided in ss. 974.07 (10) (b) and 980.101 (2) (b), a new trial shall be ordered on the grounds of newly-discovered evidence if the court finds that:
(a) The evidence has come to the moving party's notice after trial; and
(b) The moving party's failure to discover the evidence earlier did not arise from lack of diligence in seeking to discover it; and
(c) The evidence is material and not cumulative; and
(d) The new evidence would probably change the result.
In the context of this case, Becker had to show, among other things, that after he signed the stipulation he discovered evidence that he could not, with reasonable diligence, have discovered before he entered into the stipulation. However, his statement to the court was that he received the new information at the pretrial, where he signed the stipulation. On its face, his explanation does not satisfy the criteria of §§ 806.07(1)(b) and 805.15(3).
¶7 On appeal, Becker elaborates a bit on his statement to the circuit court, asserting in his brief that, because he was provided information at the pretrial that had not been provided in response to his open records request of April 6, 2004, he was in an "unprepared and disadvantaged position from which to discuss the facts of the case against him." In addition, Becker offers a number of other reasons which, he contends, justify setting aside the stipulation and judgment. However, we review the decision of the circuit court based on the information the circuit court had at the time it made the decision; we do not consider information not given to the circuit court. See Coopman v. State Farm Fire & Casualty Co., 179 Wis. 2d 548, 556, 508 N.W.2d 610 (Ct. App. 1993) (our review is confined to the facts in the record before the circuit court when it made its decision).
¶8 Because the statement Becker made to the circuit court did not show that the criteria in WIS. STAT. § 806.07(1)(b) were met, nor the criteria in any other paragraph, we conclude the circuit court did not erroneously exercise its discretion in denying Becker permission to set aside the stipulation and the judgment.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal id decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] WISCONSIN STAT. § 806.07 provides:

Relief from judgment or order. (1) On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15 (3);
(c) Fraud, misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;
(e) The judgment has been satisfied, released or discharged;
(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;
(g) It is no longer equitable that the judgment should have prospective application; or
(h) Any other reasons justifying relief from the operation of the judgment.